IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PATRICK LEE ) | |
| ) | CIVIL ACTION |
| Plaintiff, ) | FILE NO._____ |
| ) | |
| v. ) | |
| ) | |
| ) | JURY TRIAL DEMANDED |
| CHUNG'S FAMILY, INC. d/b/a ) | |
| US Beauty Mart, ) | |
| MAE HWA CHUNG, ) | |
| and KOO PIL CHUNG ) | |
| ) | |
| Defendants. ) | |

# COMPLAINT

COMES NOW Plaintiff Patrick Lee ("Lee"), by and through his counsel, Brian Kim, Leon and Kim, LLC, files this Complaint alleging as follows:

## NATURE OF THIS ACTION

1.

This action brought under the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §201 *et seq.*, in which Plaintiff seeks compensatory and liquidated damages against Defendants for their failure to pay federally-mandated overtime wages during Plaintiff's employment with Defendants.

## **PARTIES**

2.

Patrick Lee, the named Plaintiff in this action, is an individual and resides state of Georgia, County of Gwinnett, which is located in the Northern District of Georgia.

3.

Defendant Chung's Family, Inc. ("Chung's Family") doing business as US Beauty Mart is a corporation which maintains, and, at all times relevant hereto, maintained offices in the State of Georgia, and transacts and has transacted regular, not isolated, acts of business in Atlanta, Georgia.

4.

Chung's Family can be served by delivering a copy of summons and complaint to its registered agent, Mae Hwa Chung, at 7899 Tara Blvd. Suite A, Jonesboro, Georgia 30236.

5.

Chung's Family is and was, at all times relevant to this action, an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. §§ 203(s)(1), 206, and 207.

7.

Defendant Mae Hwa Chung is an individual and believed to reside in the state of Georgia, County of Gwinnett, which is located in the Northern District of Georgia.

8.

The Defendant Mae Hwa Chung is and was at all times relevant to this action, an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d).

9.

Defendant Mae Hwa Chung was involved in the day-today operation and has substantial operational control over Chung's Family, including, without limitation, the policies governing individuals employed in the same capacity as the Plaintiff.

10.

Defendant Mae Hwa Chung exerts substantial control over Chung's Family.

11.

Defendant Mae Hwa Chung has the power to hire and fire employees, including, without limitation, individuals employed by Chung's Family in the same capacity as the Plaintiff..

12.

Defendant Mae Hwa Chung controls employee work schedules and conditions of employment, including, without limitation, individuals employed by Chung's Family in the same capacity as the Plaintiff..

13.

Defendant Mae Hwa Chung determines the rate and method of payment for employees including without limitation, individuals employed by Chung's Family in the same capacity as the Plaintiff..

14.

At all times relevant to this action, Defendant Mae Hwa Chung oversaw and had the responsibility for maintaining employment records including, without limitation, employment records of individuals employed by Chung's Family in the same capacity as the Plaintiff..

15.

The Defendant Mae Hwa Chung is and was at all times relevant to this action the owner of Chung's Family, and acted directly or indirectly in the interest of Defendant Chung's Family.

16.

Defendant Koo Pil Chung is an individual and believed to reside in the state of Georgia, County of Gwinnett, which is located in the Northern District of Georgia.

17.

The Defendant Koo Pil Chung is and was at all times relevant to this action an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d).

18.

Defendant Koo Pil Chung was involved in the day-to-day operation and has substantial operation control over Chung's Family, including, without limitation, the policies governing individuals employed in the same capacity as the Plaintiff.

19.

Defendant Koo Pil Chung exerts substantial control over Chung's Family in compliance with the definition of "Employer" under the Fair Labor Standard Act of 1938.

20.

Defendant Koo Pil Chung has the power to hire and fire employees, including, without limitation, individuals employed by Chung's Family in the same capacity as the Plaintiff.

21.

Defendant Koo Pil Chung controls employee work schedules and conditions of employment, including, without limitation, individuals employed by Chung's Family in the same capacity as the Plaintiff.

22.

Defendant Koo Pil Chung determines the rate and method of payment for employees, including, without limitation, individuals employed by Chung's Family in the same capacity as the Plaintiff.

23.

At all times relevant to this action, Defendant Koo Pil Chung oversaw and had responsibility for maintaining employment records including, without limitation, employment records of individuals employed by Chung's Family in the same capacity as the Plaintiff.

24.

The Defendant Koo Pil Chung is and was at all times relevant to this action the owner of Chung's Family, and she acted directly or indirectly in the interest of Defendant Chung's Family.

25.

At all relevant times, individually and collectively, Defendants have been and remain an "employer" within the meaning of the FLSA 29 U.S.C §203(d) in

that they acted "…directly or indirectly in the interest of an employer in relation to an employee…."

26.

As employers who engaged in commerce, Defendant Chung's Family is subject to the requirements of the FLSA, 29 U.S.C. §201 *et seq*.

27.

Each Defendant was at all relevant times aware of the existence and requirements to pay non-exempt employees who work longer than forty (40) hours in a workweek one and one-half times the employee's regular rate of pay for the hours worked within the workweek in excess of forty (40) hours.

## Jurisdiction

28.

Jurisdiction over this action is conferred in this Court by section 216(b) of the FLSA, 29 U.S.C. §216(b) as well as 28 U.S.C. §1331.

## Venue

29.

The unlawful employment practices were committed within the state of Georgia, County of Clayton. Venue is proper in this District pursuant to 28 U.S.C.A. § 1391(b).

## Facts

30.

Plaintiff Patrick Lee ("Lee") is a current employee of Defendants.

31.

From October 2011, Plaintiff Lee has been employed by Defendant Chung's Family at Tara Blvd. in Jonesboro, Georgia.

32.

According to the Secretary of State of Georgia Website, Defendant Mae Hwa Chung is the CEO, CFO, Secretary, and Agent of Chung's Family.

33.

According to the Articles of Incorporation for Defendant Chung's Family, Defendant Koo Pil Chung is the Incorporator of the Defendant Chung's Family.

34.

Based on information and belief, Mae Hwa Chung and Koo Pil Chung have an ownership interest in Chung's Family.

35.

Throughout Plaintiff Lee's employment with Defendants, Plaintiff was employed as a "manager", but his primarily duties include ordering merchandise,

stocking merchandise, cleaning and emptying trash cans, working as a cashier, and driving the company vehicle.

36.

Throughout Plaintiff Lee's employment with Defendants, Plaintiff never directed the work of any of Defendants' full time employees.

37.

Plaintiff never had authority to hire or fire any other Defendants' employees.

38.

Plaintiff never exercised discretion and independent judgment with respect to matters significant to any of the Defendants.

39.

At all times relevant to this action, Plaintiff was non-exempt from the overtime pay requirements as afforded by the FLSA, 29 U.S.C. §§ 201 *et seq*.

40.

While working for Chung's Family, Plaintiff Lee was paid in cash and check by Chung's Family.

41.

For the period from November 2012 and June 2013, Plaintiff's regular hourly wage was $13.00.

42.

For the period from July 2013 and September 2014, Plaintiff's regular hourly wage was $14.00.

43.

For the period from October 2014 and as of the date of this Complaint, Plaintiff's regular hourly wage was $15.00.

44.

While employed by Defendants, Plaintiff's work schedule was controlled by Defendants.

45.

Defendants had Plaintiff consistently worked 76 hours, or more, per week. Plaintiff was never paid overtime compensation for hours worked in excess of forty hours in any given work week.

46.

Plaintiff was compelled to drive Defendants' vehicle for the purpose of assisting the other employees of the Defendants to commute.

47.

Plaintiff was compelled to drive Defendants' vehicle about one hour in the morning and one hour in the afternoon each day Plaintiff worked.

48.

Defendants failed to compensate Plaintiff for any hours he worked while driving Defendants' vehicle.

49.

Defendants failed to provide Plaintiff with one and one-half times his regular rate of pay for the worked in excess of forty in a workweek.

### FIRST CAUSE OF ACTION
### Violation of FAIR LABOR STANDARD ACT (FLSA)

50.

Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs of its complaint as if set forth fully herein.

51.

Plaintiff was regularly compelled and scheduled to work more than forty hours per week.

52.

The Defendants were required in accordance with the FLSA to pay Plaintiffs one and one-half times their regular hourly rate of pay for their overtime work.

53.

The Defendants failed to pay Plaintiff one and one-half times his regular rate of pay for each hour worked over forty (40) hours in a week. Instead, Plaintiff was paid at this regular hourly rate for hours worked.

54.

The Defendants' unlawful acts, omissions, and practices concerning the terms, conditions, and provisions of Plaintiff's employment violate the FLSA.

55.

As a result of Defendants' unlawful acts, omissions, and practices, Plaintiff suffered a loss of wages of $37,398.75 or such other amount to be determined at trial.

56.

The Defendants' willful violation of the FLSA shows reckless disregard of Plaintiff's right to receive appropriate overtime compensation for his work with Defendants.

57.

Defendants, jointly and severally, owe Plaintiff Lee overtime pay for work performed but not compensated in an amount to be determined, plus liquidated damages in an equal amount pursuant to 29 U.S.C. §216(b).

58.

Pursuant to Section 216(b) of the FLSA, Defendants owe Plaintiff Lee jointly and severally, for reasonable attorney fees.

## SECOND CAUSE OF ACTION
## BREACH OF CONTRACT: EARNED BUT UNPAID WAGES

50.

Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs of its complaint as if set forth fully herein.

51.

The Plaintiff and the Defendants entered into a contract in which the Defendants agreed that Defendants promised to pay Plaintiff a wage for all hours Plaintiff worked for Defendants.

52.

Plaintiff has performed all the conditions, promises, and agreements required of him under the contract.

53.

Defendants breached their obligation and failed to perform the promise by not paying for the hours the Plaintiff drove the Defendants' vehicle.

54.

As a result of Defendants' breach of their promise, Plaintiff suffered a loss of wages of $36,000.00 or such other amount to be determined at trial.

55.

Therefore, Plaintiff is entitled to recover compensatory damage and reasonable attorney fees from any of the Defendants for their breach of contract.

WHEREFORE, Plaintiff demands relief as follows:

1. Instruct the Clerk of Court to issue the Summons that are attached herein;
2. An order finding that Defendant violated sections 215(a)(2) and 216(b) of the FLSA;
3. Judgment in favor of Plaintiff Lee against Defendants, jointly and severally, for unpaid overtime compensation together with liquidated damages;
4. Pursuant to Section 216(b) of the FLSA, judgment in favor of Plaintiff Lee against Defendants, jointly and severally, for reasonable attorney fees;

5. Judgment in favor of Plaintiff Lee against Defendants, jointly and severally, for unpaid wages together with reasonable attorney fees for Defendants' breach of contract;

6. Judgment in favor of Plaintiff Lee against Defendant, jointly and severally, for all taxable and non-taxable costs;

7. Pursuant to the Seventh Amendment to the United States Constitution and Rule 38, F.R. Civ. P., TRIAL BY JURY on all claims on which a jury is available; AND

8. Such other, further and different relief as this Court deems appropriate.

This 11th day of December, 2015.

                                                Leon and Kim, LLC

                                                By: */s/ Brian G. Kim*
                                                Brian G Kim
                                                Georgia. Bar No. 479330
                                                Alabama Bar No. 1288R67G

3006 Clairmont Road
Atlanta, GA 30329
Telephone: 678.302.1956
Facsimile:  404.601.1391
E-Mail: leonandkimllc@gmail.com