# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

This SETTLEMENT AGREEMENT AND RELEASE is entered by and between Patrick Lee ("Claimant" or "Plaintiff"), Chung's Family, Inc., Koo Pil Chung, and Mae Hwa Chung.  Chung's Family, Inc., Koo Pil Chung, and Mae Hwa Chung are sometimes individually referred to as "Defendant" and collectively referred to as "the Defendants." Claimant, Chung's Family, Inc., Koo Pil Chung, and Mae Hwa Chung are sometimes hereinafter referred to individually as a "party" and collectively as the "parties".

**WITNESSETH**:

**WHEREAS,** through counsel, Claimant asserts a violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and breach of contract arising under the laws of the State of Georgia, said claims having been captioned and filed as <u>Patrick Lee v. Chung's Family, Inc. d/b/a US Beauty Mart, Mae Hwa Chung, and Koo Pil Chung</u>, Case no. 1:15-CV-04310-LMM (N.D. Ga. filed December 11, 2015) ("the Lawsuit").

**WHEREAS,** Defendants Chung's Family, Inc., Mae Hwa Chung, and Koo Pil Chung have been served with the Lawsuit and deny and continue to deny liability to Claimant for the matters alleged or which could have been alleged in the Lawsuit.

**WHEREAS,** The parties desire to settle this Lawsuit, and any other claims Claimant may have against the parties, upon the terms and in the manner herein provided to avoid the uncertainty, expense and burden of this litigation and any and all other actions and proceedings that might arise out of the same or related matters based on any act which has occurred at any time up to and including the date of the execution of this Settlement Agreement and Release.

**WHEREAS**,  Chung's Family, Inc. is willing to provide Claimant with certain consideration described below, which it is not ordinarily required to, provided Claimant dismisses his Lawsuit with prejudice, releases Chung's Family, Inc., Koo Pil Chung, and Mae Hwa Chung from any claims Claimant has made or might make arising out of his employment with Chung's Family, Inc. or his associations with Chung's Family, Inc., Koo Pil Chung, and Mae Hwa Chung, and agrees to comply with the other promises and conditions set forth in this Settlement Agreement and Release.

## AGREEMENT

1.      **"Chung's Family, Inc." Defined:**      Throughout this Settlement Agreement and Release, the term "Chung's Family, Inc." shall encompass the following:  (a) Chung's Family, Inc., and any subsidiaries, parent companies, predecessors, affiliated entities, related entities, or divisions thereof; and (b) any current or former partner, owner, officer, director, trustee, agent, employee, representative, insurer, or employee benefit or welfare program or plan (including the administrators, trustees, fiduciaries, and insurers of such program or plan) of an entity referenced in or encompassed by this definition.

2.      **Dismissal of the Lawsuit with Prejudice:**  Upon execution of this Agreement, the parties' counsel shall cause to be filed a joint motion for approval of settlement and draft order regarding the same, as well as a joint motion to file the settlement agreement and any documents indicating the settlement amount under seal with the court in order to maintain the confidentiality of the settlement amount.  The parties further agree that they and their counsel will mutually make every reasonable effort to ensure that the Court approves the parties' settlement agreement and dismisses the Lawsuit *with prejudice.*

3.      **Settlement Consideration:** In exchange for the promises set forth in this Settlement Agreement and Release, Chung's Family, Inc. shall pay Claimant the gross sum of SIXTY THOUSAND DOLLARS AND 00/100 ($60,000.00) (the "Settlement Proceeds"), as set forth below and as follows:

(a)     One check to Patrick Lee for Nineteen Thousand and Seven Hundred and Fifty Dollars and 00/100 ($19,750.00), less all legally required withholding taxes and payroll deductions (calculated based on the form W-4 already on file for Claimant), as payment for claimed but disputed lost wages, for which Chung's Family, Inc. will issue or cause to be issued to Claimant an IRS Form W-2.  This amount is comprised of claimed back pay damages, including overtime pay, represents a compromise of disputed issues including breach of contract, and is thus a reasonable allocation to lost wages; and

(b)     One check to Patrick Lee for Patrick Lee for Nineteen Thousand and Seven Hundred and Fifty Dollars and 00/100 ($19,750.00), as payment for claimed but disputed non-economic damages, from which no withholdings will be made and for which Chung's Family, Inc. will issue or cause to be issued to Claimant an IRS Form 1099. This amount is comprised of liquidated damages claimed under the FLSA and non-wage compensatory damages, and also represents a compromise of disputed issues.  Because the payment of liquidated damages is mandated by the FLSA, $19,750.00 is a reasonable allocation to liquidated and other non-economic damages;

The Parties agree that the amount specified herein is for non-economic damages allegedly suffered by Claimant.  Based on representations by Claimant, the Parties agree that this is a fair and reasonable apportionment of this settlement amount. In paying this amount, Chung's Family, Inc. makes no representation as to the tax consequences or liability arising from said payment. To this extent, Claimant acknowledges and agrees that he shall be solely responsible for and will pay any and all taxes that may be determined to be owed by Claimant in connection with this payment and any other payments provided for within this Settlement Agreement and Release; and

(c)     One check to Leon and Kim, LLC (Tax ID No. 30-0810971) for Twenty Thousand Five Hundred Dollars and 00/100 ($20,500.00) for reasonable attorneys' fees and costs.  This amount represents payment of all attorneys' fees, costs and expenses incurred by Claimant's Counsel in this matter for Claimant and of all attorneys' fees, costs and expenses incurred by Claimant's Counsel for the entire matter.  Chung's Family, Inc. will issue an IRS form 1099 to Leon and Kim, LLC for this payment.

(d)     Chung's Family, Inc. shall provide the consideration identified in this paragraph 3(a), 3(b), and 3(c) within ten (10) business days after receiving all of the following items: (1) an Agreement signed by the parties with an Effective Date as described in Paragraph 15 of this Agreement; (2) an Order from the Court approving the settlement between the Parties and dismissing, with prejudice, all claims against the Parties in the matter of <u>Patrick Lee v. Chung's Family, Inc. d/b/a US Beauty Mart, Mae Hwa Chung, and Koo Pil Chung</u>, Case no. 1:15-CV-04310-LMM (N.D. Ga.); and (3) IRS Form W-9s from Claimant and his counsel of record, Leon and Kim, LLC.

4.      **Neutral Employment Reference:**  Chung's Family, Inc. will provide Lee a neutral reference containing dates of employment and job title only.

5.      **General Release and Waiver of Claims:**  The foregoing Settlement Consideration represents full and complete satisfaction of any and all claims Claimant may have against Defendants and each of their parent corporations, affiliates, subsidiaries, divisions, predecessors, insurers, reinsurers, successors, and assigns, if any, and their current and former employees, attorneys, owners, officers, directors, and agents thereof, both individually and in their business capacities, if any and their employee benefit plans and programs and their administrators and fiduciaries, if any (collectively referred to throughout the remainder of this Agreement as the "Released Parties") (including back pay, compensatory and punitive damages, exemplary damages, liquidated damages, expenses, costs, and attorneys' fees), including, but not limited to, any claim that was asserted or could have been asserted in a Complaint or otherwise. It specifically releases any and all federal and state law claims that can be released by this Settlement Agreement and Release. It does not include any claims that legally cannot be released by this Settlement Agreement and Release. This release does not include and is not intended to release

any claims that Claimant may have in the future for matters that occur after the Effective Date of this Settlement Agreement and Release.

In consideration of the foregoing, Claimant surrenders, releases, acquits and discharges Defendants of and from any and all claims, charges, actions, causes of action, demands, rights, damages, debts, contracts, claims for costs or attorneys' fees, expenses, compensation, punitive damages, and all losses, demands and damages of whatsoever nature or kind in law or in equity, that could reasonably be known, arising on or before the effective date of this Settlement Agreement and Release. The release of claims includes, without limitation, those claims arising out of, under, or by reason of any and all claims which were or could have been asserted in the Lawsuit and before a court and/or any federal or state agency with jurisdiction to hear related claims.

Without limiting the generality of the foregoing, Claimant specifically releases and discharges Defendants of any obligation, claim, demand or cause of action based on or arising out of any alleged violation of any legal duty owed to Claimant by Defendants under any contract, or under any federal, state or local statutes, ordinances or common laws, and waives all claims relating to, arising out of, or in any way connected with his employment and/or alleged employment with Defendants, the cessation of that employment, alleged employment, or association, the compensation or benefits payable in connection with that employment, or the cessation of that employment, alleged employment, or association, any property left in the possession of Defendants, and/or any other interaction with Defendants, including (without limitation) any claim, demand, action, or cause of action, including claims for attorneys' fees, based on but not limited to:  (a) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), et seq.; (b) The Americans With Disabilities Act of 1990, as amended, including amendments by the Americans With Disabilities Act Amendments Act, 42 U.S.C. § 12101, et seq.; (c) The Equal Pay Act, as amended, 29 U.S.C. § 206, et seq.; (d) The Lilly Ledbetter Fair Pay Act of 2009; (e) The Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601, et seq.; (f) the National Labor Relations Act, 29 U.S.C. § 151, et seq.; (g) The Employee Retirement Income Security Act, as amended, 29 U.S.C. § 1001 et seq.; (h) The Fair Credit Reporting Act, as amended, 15 U.S.C. § 1681 et seq.; (i) The Civil Rights Act of 1866, 42 U.S.C. § 1981 et seq.; (j) The Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. (the "ADEA"); (k) the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.; (l) any agreement, representation, promise, understanding, policy, practice, plan, or potential entitlement (regardless of the source); (m) past or future wages, severance, compensation, vacation pay, benefits, bonuses, commissions, fringe benefits, or other forms of consideration, payment, or remuneration, except for claims to enforce payment of those sums explicitly identified in Section 3; (n) any other federal, state, or local law, whether arising or emanating from statute, executive order, regulation, code, common law, or other source, including, but not limited to, all actions sounding in tort, contract, and/or any doctrine of good faith and fair dealing.

Claimant further forgoes any and all rights to participate in a class or collective action alleging violations of any of the above laws, including those brought under the FLSA, and Claimant further covenants and agrees not to accept, recover or receive any back pay, front pay, liquidated damages, other damages or any form of relief based upon any claims that have been asserted, could have been unasserted or settled in this lawsuit that may arise out of, or in connection with, any other individual, class or administrative remedies pursued by any state or local governmental agency against the Released Parties.  Finally, the above release excludes any claim which cannot be released by private agreement.

Similarly, Defendants fully and forever surrender, release, acquit and discharge Claimant and his successors and assigns, personally and in their individual and official capacities and any related entities and/or entities owned or controlled by Claimant, of and from any and all claims, charges, actions, causes of action, demands, rights, damages, debts, contracts, claims for costs or attorneys' fees, expenses, compensation, punitive damages, and all losses, demands and damages of whatsoever nature or kind in law or in equity, that could reasonably be known, arising on or before the effective date of this Settlement Agreement and Release.

6. **Affirmations.**  Claimant and Defendants promise that no person, organization or any other entity acting on their behalf will or has filed, charged, claimed, sued or caused or permitted to be filed, charged, claimed, or sued, any action for damages or other relief (including injunctive, equitable, declaratory, monetary relief or other)

against one another involving any continuing effects of actions or practices which arose prior to the date of this Settlement Agreement and Release, and involving and based upon any claims, demands, causes of action, obligations, damages or liabilities which are the subject of this Settlement Agreement and Release, that reasonably could have been known, whether asserted or unasserted.  Nothing in this paragraph precludes the filing of Charges or Complaints, but the parties agree they will not receive nor accept direct and/or indirect monetary benefit from any Charge or Complaint that is filed. They acknowledge and agree that this Settlement Agreement and Release shall serve as a complete defense to any such action filed in violation of the provisions of this paragraph.  To the extent that this Settlement Agreement and Release cannot provide a complete defense, it may be used by Defendants to assert defenses of set off and recoupment.

7.     **Breach of Agreement.**  The parties' respective obligations to perform under this Settlement Agreement and Release are conditioned upon the other party's agreements and promises as set forth herein. The parties acknowledge that a breach of any such agreement or promise may be actionable in a court of competent jurisdiction and that the breaching party may be liable to the other party in damages and may further be subject to imposition of injunctive remedies to enforce the provisions of this Settlement Agreement and Release.

8.     **No Assignment:**  Claimant represents and warrants that Claimant has not assigned or sold, or in any way disposed of the claims being released to anyone and that Claimant will save and hold Defendants harmless of and from any claims, actions, causes of action, demands, rights, damages, costs and expenses, including attorneys' fees, arising from a complete or partial assignment of the claims released.

9.     **No Admission of Liability:**  This Settlement Agreement and Release is the compromise of a disputed claim and is not to be construed as an admission of liability on the part of Defendants and in fact Chung's Family, Inc., Mae Hwa Chung, and Koo Pil Chung expressly deny any liability whatsoever to Claimant.

10.    **Complete Agreement:**  There are no collateral or outside agreements, promises or undertakings other than those expressly stated herein. This Settlement Agreement and Release sets forth the entire agreement between the parties and fully supersedes any and all prior agreements or understandings between the parties pertaining to the subject matter. This Settlement Agreement and Release may not be modified except in writing signed by all parties. It is binding upon the parties and their heirs, administrators, executors, successors and assigns, and shall inure to the benefit of all parties released herein.

11.    **Applicable Law:**  This Settlement Agreement and Release is made and entered into in the State of Georgia, and shall in all respects be interpreted, enforced and governed under the laws of said state. This Settlement Agreement and Release shall not be construed with a presumption for or against Claimant or Chung's Family, Inc. As used in this Settlement Agreement and Release, the singular or plural number shall be deemed to include the other whenever the context so indicates or requires.

12.    **Non-Disparagement and Confidentiality:**  Claimant shall refrain from disparaging Released Parties' products or services, or current and former employees or employment practices or business practices to any third party, including, but not limited to, Released Parties' customers.  Koo Pil Chung and Mae Hwa Chung shall refrain from disparaging Claimant.

In consideration of the obligations under this Settlement Agreement and Release, the Parties agree that this Settlement Agreement and Release and the terms and conditions hereof are strictly, and shall remain, confidential for a period of three (3) years from the Effective Date, and that: (1) neither Claimant nor his heirs, agents, executors, administrators, attorneys, legal representatives or assigns shall disclose or disseminate, directly or indirectly, any information concerning any such terms to any third person(s), including, but not limited to, representatives of the media or other present or former employees of Chung's Family, Inc., Koo Pil Chung, and Mae Hwa Chung under any circumstances and (2) neither Koo Pil Chung, Mae Hwa Chung, nor any individual who is an executive of Chung's Family, Inc. (as of the Effective Date), shall disclose or disseminate, directly or indirectly, any information concerning any such terms to any third person(s), including but not limited to,

representatives of the media or other present or former employees of Chung's Family, Inc.  The Parties may disclose the terms of this Settlement Agreement and Release to their spouses, attorneys, accountants, tax advisors, the Internal Revenue Service, Board of Directors, or as otherwise required by law, or as required in response to an investigation by any federal or state agency.

   (A)   If any Party is required to disclose this Agreement or its terms pursuant to court order and/or subpoena, the Party shall notify the remaining Parties, in writing via facsimile or overnight mail, within five (5) business days of his receipt of such court order, subpoena, or inquiry by a state or federal agency and simultaneously provide the remaining Parties with a copy of such court order, subpoena or inquiry by a state or federal agency.  The notice shall comply with the notice requirements set forth below in Paragraph 13.  The Parties agree to waive any objection to any other Party's request that the document production or testimony be done in camera and under seal.

   (B)   The Parties agree that the terms of Paragraph 12 and all of its subparts are a material inducement for the execution of this Agreement.  Any disclosure or dissemination, other than as described above in paragraph 12 and 12(A) will be regarded as a breach of this Settlement Agreement and Release and a cause of action shall immediately accrue for damages.

13.   **Notice Requirements:**  Any notice ("Notice") provided for under this Agreement must comply with the requirements as set forth in this paragraph.  Each Notice shall be in writing and sent by facsimile or depositing it with a nationally recognized overnight courier service that obtains receipts (such as Federal Express or UPS Next Day Air), addressed to the appropriate party (and marked to a particular individual's attention, if so indicated) as hereinafter provided.  The Parties' addresses for providing Notices hereunder shall be as follows:

   Patrick Lee
   c/o Brian Kim
   Leon & Kim, LLC
   3006 Clairmont Road, Atlanta, GA 30005

   Chung's Family, Inc.
   Koo Pil Chung
   Mae Hwa Chung
   c/o Benson E. Pope
   Littler Mendelson, P.C.
   3344 Peachtree Road, N.E.
   Suite 1500
   Atlanta, Georgia 30326

14.   **Knowledge and Understanding:**  The Parties declare and agree that:

   (a)   They have been advised to consult with an attorney prior to executing this Agreement;

   (b)   They have availed themselves of all opportunities they deem necessary to make a voluntary, knowing, and fully informed decision with respect to this settlement and this Agreement;

   (c)   They have signed this Agreement free of duress or coercion; and,

   (d)   They are fully aware of their rights and have carefully read and fully understand all provisions of this Agreement before voluntarily signing;

15.   **Effective Date:**  This Settlement Agreement and Release shall become effective on the date it is executed by Claimant (the "Effective Date").

16. **Entire Agreement:** This Settlement Agreement and Release contains the entire agreement between the parties with respect to the subject matter hereof and supersedes all prior agreements, proposals, representations, arrangements or understandings, written or oral, among the parties with respect to such subject matter. The Recitals are true and correct and, together with all attachments hereto, are hereby incorporated by reference.

17. **Counterparts and Right:** This Settlement Agreement and Release may be executed in counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. Electronically provided signatures, such as scanned, imaged or "PDF" versions of originals, facsimile (whether telephonic, computer-based or other method of transmittal), photocopies or other similarly duplicated, reproduced or transmitted accurate record of original signatures shall be equivalent to original, full handwritten signatures and any other pen marking method of executing this Settlement Agreement and Release

18. **Tax Liability:** The Parties understand that Plaintiff's Attorney, Defendants' Attorney, and Defendants did not provide any tax advice. The Parties agree to separately seek tax advice from a qualified tax professional of their own choice. In paying the amount specified in paragraph 3, Defendants make no representation regarding the tax consequences or liability arising from said payments. Claimant understands and agrees that any and all tax liability that may be due or become due because of the payments referenced above is his sole responsibility, and that he will pay any such taxes that may be due or become due. Defendants have no monetary liability or obligation regarding payment whatsoever (other than delivering valid checks in the sums referenced in this Agreement to Claimant as required by its terms). Claimant agrees to bear all tax consequences, if any, attendant upon the payment to his of the above-recited sums. Claimant further agrees to hold Defendants harmless from and against any tax or tax withholding claims, amounts, interest, penalties, fines or assessments brought or sought by any taxing authority or governmental agency with regard to the above recited sums. In the event Defendants receive written notice that any claim or assessments for taxes, withholding obligations, penalties and/or interest arising out of this settlement are being or will be made against them, they shall promptly, after receipt of such written notice, notify Claimant by letter sent to counsel for Claimant.

CONSULT WITH YOUR ATTORNEY.
READ THIS AGREEMENT CAREFULLY BEFORE SIGNING.
IT INCLUDES A RELEASE OF CLAIMS.

AGREED TO AND EXECUTED BY THE UNDERSIGNED PARTIES
I HAVE READ THIS SETTLEMENT AGREEMENT AND RELEASE, UNDERSTAND
IT AND AM SIGNING IT VOLUNTARILY AS OF THE DATE FIRST WRITTEN ABOVE

_____   Date: 1/25/16
Patrick Lee

_____   Date: 01/26/16
Chung's Family, Inc.
(By Koo Pil Chung)

_____   Date: 01/26/16
Koo Pil Chung

_____   Date: 1-26-16
Mae Hwa Chung